**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Tamicka Graham,

    Plaintiff,

v.

I.C. System INC,

    Defendant.

Civ. No. 11-2702 (JNE/JJK)

**REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION**

Tamicka Graham, 5916 East Lake Parkway, Suite 221, McDonough, GA 30253, *pro se*.

Michelle Kreidler Dove, Esq., Manty & Associates, P.A., counsel for Defendant.

**INTRODUCTION**

This matter is before this Court for a Report and Recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for lack of prosecution.

**BACKGROUND**

On September 19, 2011, Plaintiff filed a Complaint against Defendant and an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. Nos. 1, 2.) The Court granted the application and directed service of the

Summons and Complaint on Defendant.  (Doc. No. 3.)  On November 17, 2011, Defendant filed its Answer to the Complaint.  (Doc. No. 5.)

On December 5, 2011, the Court issued a Notice of Pretrial Conference for the case for December 21, 2011, and the undersigned held the Pretrial Conference on December 21, 2011.  (Doc. Nos. 7, 9.)  Thereafter, the Court issued a Pretrial Scheduling Order.  (Doc. No. 10.)  In that Order, the Court stated, "All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **January 15, 2012.  FAILURE TO COMPLY WITH THIS REQUIREMENT MAY RESULT IN DISMISSAL OF YOUR CASE.**"  (*Id.* (emphasis in original).)  Plaintiff did not comply with that deadline.  Accordingly, on January 25, 2012, the Court issued an Order to Show Cause, requiring Plaintiff to "show cause why this case should not be dismissed for Plaintiff's failure to comply with the requirements of Rule 26(a)(1) and this Court's Pretrial Scheduling Order that disclosures must be provided by January 15, 2012, and for Plaintiff's failure to prosecute this case[.]"  (Doc. No. 11.)  The show-cause hearing was set for February 3, 2012, before the undersigned.

On February 3, 2012, the undersigned held the show-cause hearing.  Counsel for Defendant appeared at the hearing, but Plaintiff did not.  (Doc. No. 12.)  As of the date of this Report and Recommendation, Plaintiff has not responded in any way to the Court's Order to Show Cause.

**DISCUSSION**

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that based on the above recitation of events that have occurred in this case, and Plaintiff's lack of response to this Court's Order to Show Cause, Plaintiff's case should be dismissed for failure to prosecute.

*Pro se* litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). "A district court may sua sponte dismiss an action under Rule 41(b) [of the Federal Rules of Civil Procedure] for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Here, Plaintiff has failed to comply with the Court's December 22, 2011 Pretrial Scheduling Order. And Plaintiff failed to respond to the Court's January 15, 2012 Order to Show Cause. Both Orders apprised Plaintiff that failure to comply and/or respond may result in dismissal of her case. Based on Plaintiff's failure to comply with the Court's Orders, this Court concludes that Plaintiff has abandoned her action, and recommends that this action should be dismissed for failure to prosecute.

**RECOMMENDATION**

For the reasons stated, this Court recommends that:

1.      Plaintiff's Complaint (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: February 3, 2012

                                                *s/Jeffrey J. Keyes*
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 17, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.